**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **ANUEL ST. CLAIR,**<br><br>　　　Plaintiff,<br><br>v.<br><br>**GC SERVICES LIMITED PARTNERSHIP,**<br><br>　　　Defendant. | Case No. 0:21-cv-61801-RKA |

## GC SERVICES LIMITED PARTNERSHIP'S MOTION TO STAY AND INCORPORATED MEMORANDUM OF LAW

Defendant GC Services Limited Partnership ("GC Services" or "Defendant") moves this Court to stay the present action pending the final outcome of the Petition for Rehearing or Rehearing en banc in the 11th Circuit Court of Appeals for *Hunstein v. Preferred Management and Collections Services, Inc.*, No. 19-11434 (11th Cir.).

The 11th Circuit is currently considering a Petition for Rehearing or Rehearing en banc of its recent holding in *Hunstein v. Preferred Collection & Managements Services, Inc*., No. 19-14434, 2021 WL 1556069 (11th Cir. Apr. 21, 2021), which involves both legal and factual questions that are nearly identical to these proceedings. Here, Plaintiff alleges that Defendant violated § 1692c(b) of the Fair Debt Collection Practices Act ("FDCPA") and § 559.72(5) of the Florida Consumer Collections Practices Act ("FCCPA") by communicating with a third party in connection with the collection of the debt. (First Amend. Compl., Doc. 1-3 ¶¶ 34-41). Further, Plaintiff's sole theory of liability, that Defendant employed the use of a third-party mail processor, is anchored by a direct citation to the 11th Circuit's decision in *Hunstein*. (First Amend. Compl., Doc. 1-3 at ¶¶ 29, 36).

1

On May 26, 2021, the defendant in *Hunstein* filed a Petition for Rehearing or Rehearing en banc, contending that the 11th Circuit deviated from both Supreme Court and 11th Circuit precedent in holding that Plaintiff had suffered an injury-in-fact sufficient to confer Article III standing. *See* Petition for Rehearing en banc (with Panel Rehearing), *Hunstein v. Preferred Management and Collection Servs.* No. 19-14434, (11th Cir. May 26, 2021), attached hereto as Exhibit A.  On June 25, 2021, in *TransUnion LLC v. Ramirez,* the Supreme Court of the United States held that internal communications between a collector and a processor would not be sufficient to confer standing on a Plaintiff. *TransUnion, LLC v. Ramirez*, No. 20-297, 141 S. Ct. 2190 (2021), attached hereto as Exhibit B.  In light of these two developments, this Court should stay this matter pending the 11th Circuit's consideration of the defendant's Petition for Rehearing en banc and final decision in *Hunstein* and grant Defendant's Unopposed Motion to Stay Proceedings.

## MEMORANDUM OF LAW

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This discretion is "incident to [a district court's] power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted); *Robinson v. Section 23 Prop. Owner's Ass'n*, No. 2:12-cv-675-FtM-29CM, 2014 WL 2215757, at *6 (M.D. Fla. May 27, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

A.     **The Resolution of *Hunstein* is Controlling on This Case**

The 11th Circuit's final decision in *Hunstein* is likely dispositive of Plaintiff's claims here, and a potential reversal of the three judge panel's decision would defeat Plaintiff's Article III standing in this Court. In *Hunstein*, Plaintiff claimed Defendant violated § 1692c(b) of the FDCPA when it disclosed information pertaining to the plaintiff to a third-party mail vendor as part of its collection efforts. *See* Complaint at ¶ 32, *Hunstein v. Preferred Management and Collections Servs., Inc.,* Case No. 8:19-cv-00983-TPB-TGW.[1] The district court granted the defendant's motion to dismiss, holding that the defendant did not violate the FDCPA because the communication with the vendor was not in connection with the collection of any debt. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.,* No. 8:19-CV-983-T-60SPF, 2019 WL 5578878, at *3 (M.D. Fla. Oct. 29, 2019).

On appeal, the 11th Circuit reversed the district court, holding that the communication did violate the FDCPA. More importantly, the 11th Circuit held that the plaintiff had suffered a concrete injury on the basis of only a statutory violation. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc*., 994 F.3d 1341, 1348 (11th Cir. 2021). Although the plaintiff did not actually allege that he was harmed by the alleged violation, the 11th Circuit held that the mere violation was sufficient to confer standing. The defendant timely filed a Petition for Rehearing or Rehearing en banc, arguing that the 11th Circuit's standing analysis had contradicted Supreme

---

[1] *Compare* First Amend. Compl., Doc. 1-3 at ¶¶ 21, 29
    21. On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third Party").
    23. The Third-Party-of whom Defendant transmitted Plaintiff's personal information to, compiled Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.
    …
    29. Defendant's transmission of Plaintiff's personal information to the Third Party is an explicit violation of 1692c(b) of the FDCPA. . . .

Court precedent as well as 11th Circuit standing jurisprudence. *See* Petition for Rehearing en banc (with Panel Rehearing), *Hunstein v. Preferred Management and Collection Servs.* No. 19-14434, (11th Cir. May 26, 2021). At least seventeen (17) amicus briefs have been filed in support of the Rehearing. Further, on June 14, 2021, the 11th Circuit withheld the issuance of the mandate back to the district court. As discussed, the 11th Circuit's final ruling will be mandatory authority for this Court to follow, and the near identical issues of law are still in question pending further action.

**B.     The Supreme Court Recently Implicitly Overruled *Hunstein***

In addition to numerous requests and considerations for the 11th Circuit to grant the Petition for Rehearing in *Hunstein*, days ago, the Supreme Court of the United States provided the 11th Circuit further incentive to rehear the *Hunstein* decision. The Supreme Court implicitly overruled the plaintiff's standing claims in *Hunstein*, in its decision in *TransUnion, LLC v. Ramirez*, No. 20-297, 141 S. Ct. 2190 (Jun. 25, 2021). The question presented to the Supreme Court in *Ramirez* was whether class members who did not suffer a harm by a defendant's violation of the Fair Credit Reporting Act ("FCRA") had Article III standing. The Court held that even though the defendant had technically violated the FCRA, the statutory violation alone was not sufficient to establish standing without also showing that each member suffered a concrete harm. Ex. B. at 27.

In Footnote 6 of the majority opinion, the Court directly addressed the plaintiff's argument, identical to the theory of liability in *Hunstein* and in this case, that the mere processing of internal communications was a publication bearing a close relationship to a traditional defamation claim, which would support Article III standing. The Court rejected plaintiff's theory that the defendant "published" the class members' information to vendors that printed and

4

sent the mailings that the class members received. Ex. B, at 19, n. 6. The Court further stated that disclosures to printing vendors are not necessarily recognized as actionable publications, and without which a plaintiff would not be able to establish Article III standing. *Id.* This exact argument was raised by the Appellee Defendant in the *Hunstein* Petition for Rehearing. *See* Ex. A., at 7-11. The Court's discussion regarding internal communications to third-party vendors is directly on point to *Hunstein* and the facts in this case. Thus, it is vital that this Court stay the matter to allow the 11th Circuit to reconsider its decision.

**C.      Factors Weigh in Favor of Stay**

In determining whether a stay is appropriate, courts examine several factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the courts *See e.g. Drayton v. Toyota Motor Credit Corp.*, No. 3:16-CV-46-J-39JBT, 2017 WL 10841496, at *1 (M.D. Fla. July 31, 2017); *Freedom Sci., Inc. v. Enhanced Vision Sys.*, No. 8:11-CIV-1194-T-17-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 31, 2012); *eCOMSYSTEMS, Inc. v. Shared Mktg. Servs., Inc.*, No. 810-CV-1531-T-33AEP, 2011 WL 280942, at *2 (M.D. Fla. Jan. 26, 2011). Here, Plaintiff will not be prejudiced by a stay. This matter is in the very early stages as Defendant removed this case to this Court on August 26, 2021, and there has been no discovery.

Additionally, the 11th Circuit's decision as to whether to grant the Petition for Rehearing and reverse its decision in light of the *Ramirez* decision will streamline any remaining factual questions to be determined in discovery or at trial, or alternatively, extinguish Plaintiff's claims entirely. Most importantly, the parties will suffer harm in the form of unnecessary litigations fees and expenses if a stay is not granted. Proceeding with this case while the dispositive issue

before this Court is still in question, and most likely vitiated by the Supreme Court of the United States, would further burden the Court with unnecessary litigation that would fail to promote judicial economy.  Thus, this Court is compelled to stay the proceedings here to allow the 11th Circuit to consider rehearing its decision in *Hunstein* in light of the Supreme Court's decision in *Ramirez*.[2]

**WHEREFORE**, GC Services requests this Honorable Court to enter an Order granting Defendant's Unopposed Motion to Stay Proceedings.

### RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), GC Services' counsel conferred with Plaintiff's counsel regarding the Motion to Stay via e-mail. Plaintiff's counsel opposed the requested Motion.

Dated this 1st day of September, 2021.

                                                Respectfully submitted,

                                                /s/*Adam H. Settle*
                                                ADAM H. SETTLE, ESQUIRE
                                                Four Penn Center
                                                1600 John F. Kennedy Blvd., Suite 1030
                                                Philadelphia, PA 19103
                                                Telephone: (215) 501-7002
                                                Facsimile: (215) 405-2973
                                                Email: asettle@kdvlaw.com

                                                **ATTORNEYS FOR DEFENDANT, GC SERVICES LIMITED PARTNERSHIP**

---

[2]     A recent Florida district court ordered a stay *sua sponte* to stay its proceedings for a similar action *See Topalli v. North American Credit Servs. Inc.*, No. 8:21-cv-01514-TPB-SPF, Doc. 15 (Aug. 19, 2021).  The court ordered: "In the interest of justice and judicial economy, the Court stays this action until the earlier of (1) one year from the date of this Order (unless further extended by order of the Court) or (2) the Eleventh Circuit's resolution of the rehearing petition in *Hunstein*." *Topalli*, No. 8:21-cv-01514-TPB-SPF, at Doc. 15.

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 1st day of September, 2021, I electronically transmitted the attached document to the U.S. District Court for the Southern District of Florida Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the Following CM/ ECF registrant(s):

Christopher Gold, Esquire
Scott Edelsberg, Esquire
Edelsberg Law, PA
20900 NE 30th Avenue., Ste. 417
Aventura, FL 33180
chris@edelsberglaw.com; scott@edelsberglaw.com

Shamis & Gentile, PA
Andrew J. Shamis
14 NE 1st Avenue, Ste. 705
Miami, FL 33132
ashamis@sflinjuryattorneys.com

*Counsel for Plaintiff*

/s/ *Adam H. Settle*
Adam H. Settle, FL Bar No. 1026828

4835-5778-7897, v. 1